IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STANLEY HOPKINS, | : |
| Plaintiff, | : |
| v. | : C.A. No. 12-316-LPS |
| JOSEPH FRONTINO, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

Presently before the Court is Defendants Joseph Frontino, D.O. and Delmarva Emergency Physicians, LLP's (collectively, "Movants") Motion to Dismiss. (D.I. 7) For the reasons discussed below, the Court will GRANT the motion.

1. On March 15, 2012, Plaintiff Stanley Hopkins ("Hopkins") filed suit against Atlantic Surgical Associates, LLC, David Cloney, M.D., Delmarva Emergency Physicians, LLP, and Joseph Frontino, D.O. alleging medical malpractice. (D.I. 1)

2. Hopkins previously filed a similar Complaint on October 4, 2011, which was dismissed on January 5, 2012. (D.I. 1, 20, C.A. No. 11-900) In the earlier case, Judge Andrews dismissed Hopkins' claims because "the absence of a timely affidavit of merit in Delaware state courts results in the rejection of the complaint." (D.I. 20 at 3, C.A. No. 11-900) The Court noted that Hopkins requested permission to submit an affidavit of merit on December 2, 2011, but such request "was not timely made (as it needed to be filed before or contemporaneously with the Complaint, 18 Del. C. § 6853(a)(3)), and, further, no cause, good or otherwise, was alleged in support of the request." (*Id.*)

3. The only difference between the Complaint filed in the present suit and the prior

Complaint dismissed by Judge Andrews is the present Complaint's statement that "[a]ttached hereto is an Affidavit of Merit and Curriculum Vitae pursuant to 18 Del. C. §6853." (D.I. 1 ¶ 21) On March 29, 2012, Movants filed the pending motion to dismiss the Complaint as time-barred. (D.I. 7)

4. Hopkins urges the Court to exercise its power under Federal Rule of Civil Procedure 60(b)(1). (D.I. 9 at 2) Rule 60 provides that the "court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." On a motion for reargument, Judge Andrews found that "Plaintiff has not shown fraud, mistake, or newly discovered evidence as required under Rule 60." (D.I. 25 at 2-3, C.A. No. 11-900) Hopkins has not presented any additional facts or allegations in support of an application of Rule 60. There is no reason to depart from Judge Andrews' conclusion.

5. Hopkins next requests, pursuant to Federal Rule of Civil Procedure 15, that the Court allow the present Complaint to relate back to the prior Complaint's filing date of October 4, 2011. (D.I. 9 at 2) The Court declines this request. The addition of the statement of attachment of the affidavit of merit is not an amendment recognized under Rule 15 as relating back to the original pleading.

6. Finally, Hopkins requests, in the alternative, that the Court grant permission to file a motion to amend the October 4, 2011 Complaint. (D.I. 9 at 2) Judge Andrews has already declined to grant the same request, stating that the request was not timely made. (D.I. 20 at 3, C.A. No. 11-900) The Court finds no reason to depart from Judge Andrews' decision.

7.      Under Delaware law, "[n]o action for the recovery of damages upon a claim against a health care provider for personal injury . . . arising out of medical negligence shall be brought after the expiration of 2 years from the date upon which such injury occurred." 18 Del. C. § 6856. Hopkins' Complaint states that the events of the alleged medical malpractice occurred on July 10, 2009. (D.I. 1 ¶ 12) Thus, the statute of limitations expired on July 10, 2011. As the Complaint was filed on March 15, 2012, the suit is time-barred.

Accordingly, Movants' Motion to Dismiss (D.I. 7) is GRANTED.

March 28, 2013  
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE